NOT DESIGNATED FOR PUBLICATION

No. 110,823

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY E. GRIFFIN,
*Appellant.*

MEMORANDUM OPINION

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 19, 2014. Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed August 18, 2017. Judgment of the Court of Appeals affirming the district court is affirmed as to the issue subject to review. Judgment of the district court is affirmed as to the issue subject to review.

*Corrine E. Johnson*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Emily M. Barclay*, legal intern, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

*Per Curiam*: Anthony Griffin was convicted of aggravated battery and aggravated assault and ordered to register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, after a district court judge found Griffin used a deadly weapon to commit those offenses. For the first time on appeal, Griffin argues his registration requirement violates *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the fact was not submitted

to a jury and proved beyond a reasonable doubt. The persuasiveness of that challenge turns on whether KORA's requirements constitute punishment for his crimes. We affirm.

The outcome of Griffin's challenge regarding judicial factfinding is controlled by *State v. Meredith*, 306 Kan. __, __ P.3d __ (No. 110,520, filed August 4, 2017), slip op. at 10, and *State v. Huey,* 306 Kan. __, __ P.3d __ (No. 109,690, filed August 11, 2017). Like the appellants in those cases, Griffin offers no fact-based arguments on the factors we must consider in determining whether the Act's effects render it punitive as applied to violent offenders because he raises his *Apprendi* challenge—and, consequently, his argument that the registration requirements are punishment—for the first time on appeal. See 306 Kan. at __, *Meredith,* slip op. at 10 ("[A]nalysis of the [*Kennedy v.*] *Mendoza-Martinez*[, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963),] factors requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions—*i.e.*, the legitimacy of the public safety interests at stake, the effectiveness of the alternative purpose to promote public safety, etc.").

Without a factual record, we cannot conclude that KORA's registration requirements imposed on violent offenders are so punitive as to override the legislature's intent that KORA be a civil remedy. Therefore, Griffin has not demonstrated, as he must, that the registration requirements constitute punishment. Because the registration requirements did not increase Griffin's punishment under the law of this case, it was not necessary that his use of a deadly weapon be found beyond a reasonable doubt by a jury.

We affirm the lower courts' judgment on the issue subject to our review.

* * *

2

BEIER, J., dissenting: Consistent with my votes in *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017); and *State v. Huey*, 306 Kan. ___, ___ P.3d ___ (No. 109,690, filed August 11, 2017), I respectfully dissent from the majority's decision in this case.

"Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at ___, slip op. at 11-12 (Beier, J., dissenting).

ROSEN and JOHNSON, JJ., join the foregoing dissent.